■ 681 CHESTNUT RIDGE ROAD LLC, Appellant, v EDWIN GOULD FOUNDATION FOR CHILDREN, Respondent. [905 NYS2d 17]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered March 23, 2009, in an action to recover the down payment on a contract for the sale of real property, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 20, 2009, which, granted defendant's motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The subject contract, while prohibiting plaintiff purchaser

from canceling the contract based on the mere existence of certain easements, the locations of which were not depicted on the survey attached to the contract, does allow plaintiff to cancel based on the locations of those easements if depicted on an updated survey. The motion court correctly held that because the easements in question could not be located, and therefore could not be depicted on the updated survey, they do not permit plaintiff to cancel the contract. Under the plain terms of the contract, plaintiff was protected against the easements' locations only if the easements' locations could be determined.

The contract also precludes plaintiff from canceling the contract based on the "state of facts" shown on the survey attached to the contract, which shows a burial ground. It appears that after execution of the contract, defendant disclosed to plaintiff a letter defendant had received before execution from a relative of someone buried in the burial ground requesting permission to inter another relative there. Plaintiff forwarded the letter to its title insurer, and, based on the insurer's ensuing refusal to insure title with respect to the rights of ingress and egress of relatives of persons buried in the burial ground, plaintiff claims the right to cancel. The risk that there might be relatives of persons interred in the burial ground is inherent in the existence of the burial ground, i.e., the state of facts shown on the survey. As the existence of the burial ground was known to, and exception to it waived by, plaintiff, it was on at least inquiry notice as to the risk potential relatives might present (see *Gartner v Young-Hee Lowe*, 299 AD2d 198 [2002], *lv denied* 100 NY2d 501 [2003]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ. **[Prior Case History: 23 Misc 3d 1110(A), 2009 NY Slip Op 50694(U).]**